[Crim. No. 3505. In Bank.—June 17, 1932.]

In the Matter of the Application of JACOB WEISBERG for a Writ of Habeas Corpus.

Chas. I. Rosin for Petitioner.

Charles P. Johnson, City Prosecutor, Joe W. Matherly and John L. Bland, Deputies City Prosecutor, for Respondent.

U. S. Webb, Attorney-General, Charles Wetmore, Jr., and James S. Howie, Deputies Attorney-General, *Amici Curiae* for Respondent.

WASTE, C. J.—Application for a writ of *habeas corpus.* Petitioner was taken into custody and incarcerated by the chief of police of the city of Los Angeles upon a complaint charging that he wilfully and unlawfully conducted, maintained and operated a cleaning and dyeing shop and store and operated a sponging and pressing establishment without a license from the state fire marshal, contrary to and in violation of ''An act to regulate the location, construction, occupancy and operation of cleaning and dyeing shops or stores and spotting, sponging, and/or pressing establishments, or agencies thereof, and private schools and colleges of spotting, sponging and/or pressing; providing for the registration and licensing of persons engaged in such business; providing for the enforcement thereof by the state fire marshal as chief of the division of fire safety in the department of industrial ·relations; providing ways and means for enforcement, and providing penalties for violations.'' (Stats. 1931, p. 972, chap. 425.)

It is urged that the act does not constitute a proper exercise of the police power. With this contention we cannot agree. Citation of authority is unnecessary to establish that the police power extends to everything expedient for the preservation of the public safety, health, comfort or good morals. It is within the legislative discretion in the exercise of such power to place such restrictions upon the use of any property or the conduct of any business as may be reasonably necessary for the public

safety, comfort or health. (*Riley* v. *Chambers,* 181 Cal. 589, 592, 593 [8 A. L. R. 418, 185 Pac. 855]; *Mattei* v. *Hecke,* 99 Cal. App. 747 [279 Pac. 470].)

The regulatory provisions of the act here attacked undoubtedly tend to foster fire prevention and safeguard life and property. The act therefore constitutes a proper exercise of the police power. In the case of *Carter* v. *Stevens,* 211 Cal. 281 [295 Pac. 28], we recently upheld as a proper exercise of the police power a statute (Stats. 1927, p. 1924) regulating the maintenance and operation of cleaning and dyeing establishments, keeping and storing liquid volatile and inflammable products in excess of one gallon, or solid volatile and inflammable products in excess of eight pounds. While the storing of such volatile and inflammable products in lesser quantities may correspondingly reduce the fire hazard and potential public danger, the fact still remains that their storage and use in any quantity may prove detrimental to the public welfare. Cleaning and dyeing shops, sponging and pressing establishments, and other kindred businesses, using such lesser quantities of volatile and inflammable products, may with propriety be subjected to reasonable legislative regulation in the exercise of the police power.

This brings us to a consideration of the reasonableness of the regulations prescribed. The petitioner urges that the act is discriminatory, unconstitutional and void because it excludes from its operation certain types of cleaning establishments (those storing in excess of one gallon of liquid volatile and inflammable products or in excess of eight pounds of solid volatile and inflammable products), also all stores whose major business is selling merchandise, and which are not engaged in cleaning, dyeing, spotting, sponging and pressing as a business for compensatory gain, and all hotels, hospitals and sanitariums doing cleaning, spotting, sponging, etc., solely for their proprietors, employees, guests or patients, and not commercially.

Contrary to petitioner's contention, there has been no discrimination in favor of cleaning establishments using quantities of volatile and inflammable products in excess of those designated in the act here assailed. Cleaning establishments using such excessive quantities of volatile and inflammable products are governed and regulated by

a statute peculiarly applicable to them (Stats. 1927, p. 1924), the constitutionality of which, as already indicated, was upheld by this court in *Carter* v. *Stevens, supra*.

■ The classification created for the purpose of legislation must, of course, be a reasonable one. It must not be arbitrary. We do not think it discriminatory to exclude from the operation of the present act all merchandising stores, hotels, hospitals and sanitariums not engaged in cleaning, sponging, dyeing, etc., commercially and for compensatory gain. It is not the rule that all laws shall be universal or general in their application. ■ It is sufficient that laws of a general nature have "a uniform operation". A law is general and uniform and affords equal protection in its operation when it applies equally to all persons embraced within the class to which it is addressed, provided that such class is founded upon some natural or intrinsic or constitutional distinction between the persons composing it and others not embraced in it. (*In re Sumida,* 177 Cal. 388, 391 [170 Pac. 823].)

The act here assailed is general and uniform in its regulation of and operation upon cleaning and dyeing shops or stores, and spotting, sponging and pressing establishments, using the quantities of volatile and inflammable products therein designated. In our opinion there is a natural and intrinsic distinction between such commercial entities and merchandising stores, hotels, hospitals and sanitariums that engage in cleaning and dyeing only casually and solely as an incident to their main purpose. Thus it has been held that the fact that casual employees and agricultural and domestic employees are excepted from the operation of the Workmen's Compensation Act does not involve an arbitrary distinction. (*Western Indemnity Co* v. *Pillsbury,* 170 Cal. 686, 702 [151 Pac. 398].) In *Ex parte Murphy,* 8 Cal. App. 440 [97 Pac. 199], it is held that public billiard and pool rooms form a class subject to special regulatory legislation, and the fact that the legislature made reasonable exceptions in favor of private billiard and pool rooms and billiard and pool rooms in hotels for the use of guests, did not render the law discriminatory and unconstitutional.

■ The legislative determination as to what is a sufficient distinction to warrant a classification will not be

overthrown unless it is palpably arbitrary. (*Western Indemnity Co.* v. *Pillsbury, supra.*) We are satisfied that the act here complained of does not create any artificial, unreasonable or arbitrary distinctions. Operating as it does, uniformly on all persons and entities in the same category it does not deny the equal protection of the laws or violate other constitutional prohibitions.

■ To petitioner's further contention that the act is discriminatory in so far as it purports to exclude from its regulatory provisions all hospitals and sanitariums without the commercial field but not those within the commercial field, there are two sufficient answers. In the first place, this alleged discrimination is the result of petitioner's misconstruction of the act. A fair reading of the pertinent provision discloses that it excludes from its operation *all* hotels, hospitals and sanitariums (commercial and noncommercial) that do cleaning, spotting and sponging only incidentally and solely for their own purposes and "entirely without the commercial field". Petitioner's error in this regard is in his misapplication of the quoted phrase.

■ However, assuming that such asserted discrimination is apparent from the terms of the act, it does not lie in the mouth of petitioner to attack its validity upon this ground for he does not bring himself within the class affected thereby and the point is not, therefore, properly before us in this proceeding. If the complaining party does not belong to the class discriminated against, he cannot, as a general rule, complain of the alleged discrimination. (*Ex parte Quong Wo*, 161 Cal. 220, 233 [118 Pac. 714].)

This latter reasoning is also applicable to petitioner's claim that the act discriminates between private schools and colleges and other schools and colleges teaching the operations and processes employed in cleaning, sponging, spotting, etc. A similar reply may properly be made to petitioner's contention that the act exceeds the bounds in so far as it purports to include within its provisions agencies conducted merely for the purpose of collecting clothing, etc., for spotting and renovating. Not being aggrieved by these several provisions petitioner is not in a position to effectively complain of them.

The act is not objectionable because it provides for the issuance *without examination,* of certificates of registration and licenses to those operating and maintaining cleaning and dyeing shops or spotting and sponging establishments for a period of at least three months prior to the effective date of the act. In the adoption of qualifications and regulatory provisions governing the pursuit of certain callings or businesses falling within the regulatory power of the legislature, it is not infrequent to exempt therefrom those who have lawfully practiced or carried on such callings and businesses for a prescribed time, and such provisions have received the sanction of the courts as not being violative of the Constitution on the grounds of unreasonableness or discrimination. (*Ex parte Whitley,* 144 Cal. 167, 172 [1 Ann. Cas. 13, 77 Pac. 879]; *Bohannon* v. *Board of Medical Examiners,* 24 Cal. App. 215, 220 [140 Pac. 1089].) The registration and licensing provisions of the act here in question, including the provision for the payment of a registration fee, are reasonable and free from constitutional objection.

Citing section 24 of article IV of the Constitution, petitioner next contends that section 5 of the act providing for the posting of a bond in the sum of $100 as a condition precedent to the issuance of a certificate of registration and license, is unconstitutional and void. Failure of the title of the act to specifically mention the bond does not invalidate this provision. The title of an act need not contain an abstract or detailed statement of its contents. Where the body of an act embraces provisions which are germane to the general subject stated in its title, the title will be held sufficient to comprehend all of the provisions of the act. (*Heron* v. *Riley,* 209 Cal. 507, 510, 511 [289 Pac. 160]; *People* v. *Jordan,* 172 Cal. 391, 394 [156 Pac. 451].) The bond provision here complained of is germane to the regulation, registration and licensing mentioned in the title of the act and, therefore, need not find definite expression therein.

Undoubtedly the legislature may with propriety require cleaning and dyeing shops and spotting and sponging establishments to furnish a reasonable bond for the protection of that portion of the public having dealings with them in that line of endeavor. Such provision might well

be held to be reasonably connected with the purpose of the act, i. e., to protect the public from potential loss by reason of the fire hazard involved in such business. While in all probability such was the legislative intention in the instant case, the language employed in section 5 is not conducive of that result. Read literally the section requires the owners and operators of such shops and establishments to furnish an undertaking for the benefit of "any person having dealings" with them. This language is sufficiently broad to include any and all kinds of dealings, whether associated with or disassociated from the businesses regulated by the act. A provision requiring such a bond is undoubtedly discriminatory and void. To uphold the same it would be necessary to limit its operation as above indicated. This would require reading into the statute a limitation not therein contained. This we cannot do, for the courts are without power to rewrite a statute so as to make it conform to the presumed intention of the legislature. (*Seaboard Acceptance Corp.* v. *Shay,* 214 Cal. 361 [5 Pac. (2d) 882].)

 The invalidity of the bond provision does not, however, affect the remaining regulatory provisions of the act, for they are severable and distinct therefrom and not dependent thereon. (*Bacon Service Corp.* v. *Huss,* 199 Cal. 21, 32, 33 [248 Pac. 235].) Moreover, section 8 of the act contains the usual saving clause to the effect that the legislature would have passed the act, irrespective of the invalidity of any particular portion thereof.

 We find no merit in petitioner's claim that the act confers arbitrary and uncontrolled power upon the state fire marshal to determine the persons entitled to pursue and the conditions upon which they may conduct the regulated businesses. This contention is sufficiently answered by *Carter* v. *Stevens, supra,* 289–293, and *Gaylord* v. *City of Pasadena,* 175 Cal. 433, 436 [166 Pac. 348, 349]. As stated in the latter case, "it has become increasingly imperative that many *quasi*-legislative and *quasi*-judicial functions, which in smaller communities and under more primitive conditions were performed directly by the legislative or judicial branches of the government, are entrusted to departments, boards, commissions and agents. No sound objection can longer be successfully advanced to this growing

method of transacting public business. These things must be done in this way or they cannot be done at all, and their doing, in a very real sense, makes for the safety of the republic, and is thus sanctioned by the highest law. For, as the Supreme Court of the United States declares: 'Indeed, it is not too much to say that a denial to Congress of the right under the Constitution, to delegate the power to determine some fact or the state of things upon which the enforcement of its enactment depends, would be ''to stop the wheels of government'' and bring about confusion, if not paralysis, in the conduct of the public business.' (*Union Bridge Co.* v. *United States,* 204 U. S. 367 [51 L. Ed. 523, 27 Sup. Ct. Rep. 367].)''

We cannot say that the present act confers unreasonable and arbitary powers upon a subordinate officer or agent. The various duties and powers bestowed upon the fire marshal by the act may not be arbitrarily discharged but must be discharged in the exercise of a reasonable discretion with a view to effectuating the purposes of the act. An abuse of these duties and powers may readily be remedied by resort to the courts. However, it is not to be presumed that the fire marshal will exceed his authority in making such rules as may be necessary to administer and carry out the terms of the act. (*Carter* v. *Stevens, supra.*) Any abuse in this regard would not, however, affect the validity of the act. (*Ex parte McManus,* 151 Cal. 331, 337 [90 Pac. 702].)

The act does not improperly delegate a legislative function. It declares what the law shall be. This function has not been delegated to the fire marshal. He is merely given authority to adopt any necessary and reasonable rules and means to carry out the legislative intention as expressed in the act.

Section 4 of the act provides that the fire marshal shall not suspend, revoke or refuse to issue or renew any license except upon twenty days' notice in writing designating the reasons for such action and fixing a time for hearing all interested parties. In the event of an adverse decision the section further authorizes the person affected thereby to institute ''an action in a court of competent jurisdiction . . . for the purpose of canceling or obtaining other relief therefrom''. It does not appear, therefore, that the due process clauses

of either the state or federal Constitution are impinged upon by the act under consideration.

We have carefully examined petitioner's several briefs and find nothing calling for further discussion.

The writ is discharged and petitioner is remanded to the custody of the chief of police of the city of Los Angeles.

Tyler, J., *pro tem.*, Langdon, J., Curtis, J., Preston, J., Seawell, J., and Shenk, J., concurred.

Rehearing denied.