123 P.2d 724

**STATE et al. v. ALEXANDER et al.**

No. 4663.

Supreme Court of New Mexico.

March 19, 1942.

Edward P. Chase, Atty. Gen., Geo. H. Hunker, Jr., Asst. Atty. Gen., and Scott H. Mabry, Asst. Dist. Atty., Quincy D. Adams, and Owen B. Marron, all of Albuquerque, for plaintiffs in error.

R. F. Deacon Arledge and Hugh B. Woodward, both of Albuquerque, for defendants in error.

BICKLEY, Justice.

This review involves a declaratory judgment to the effect that the minimum price fixing provisions of Ch. 198, Laws 1941, including such provisions contained in sections 4, 6 and 12 of said Act are unconstitutional and void, and that said Act is valid and enforceable in all of its provisions except the minimum price provisions.

District Judge Kool delivered the following opinion which aptly and sufficiently states the controversy and which we adopt:

"This matter has come before the Court on complaint attacking the constitutionality of Chapter 198 of the Laws of New Mexico for the year 1941 on the ground it is vague and uncertain.

"It appears to the Court that the pertinent sections of this act insofar as this controversy is concerned are as follows:

" 'Section 4.   General Powers.

" 'The   Board   *  *  *   is   hereby granted   the   following   powers,   to-wit *  *  *   to fix minimum prices for the rendering of services.   *  *  *

" 'Section 6.   Prices.

" 'Cleaning   and   Pressing   Minimum Prices.   [Follows here a list of prices.]

" 'Section 7.   Failure to Observe Prices.

" 'It shall be unlawful  *  *  *   to *  *  *   charge any minimum price, less than   such   price   or   prices   as   shall be   applicable   to   the   particular   transaction.   *  *  *

" 'Section   12.   Penalty   For   Violations  *  *  *

" 'All rules and regulations, including those fixing prices, shall be incorporated in a written order, approved and signed by a majority of the Board  *  *  *   such order  *  *  *   shall have the full force and legal effect of a law of this State.   Any person thereafter knowingly violating any provisions   or   terms   thereof  *  *  * guilty of a misdemeanor  *  *  *   and upon conviction thereof, may be fined not less than $25.00 nor more than $200.00, or by imprisonment of not less than 10 nor more than 90 days, or both.'

"Sections 4 and 12 unqualifiedly give to the Board exclusive price fixing powers.   In between said Sections we find Section 6 which is placed in the middle of this act without limitation, qualification or explanation, and, as expressed by counsel for defendants, does not express a complete thought.   Further,   Section   6   entitled, 'Prices', does not cover all cleaning and dyeing services.

"Section 6 is apparently in conflict with the rest of this act, and is so unconnected with it as to appear to have been put in as an after thought.   Counsel for defendants argue, and with this position the Court has no quarrel, that if the act can be reasonably construed by the Court it is the Court's duty to do so.   They then state that the reasonable construction of the act is that Sec-

tion 6 imposes a minimum price below which the board cannot go, but that the Board can regulate prices any place above this minimum; in the next breath they say that the act could also be reasonably construed to mean that the prices as fixed by Section 6 are stationary and the Board could only regulate prices for services not fixed by the act. The Legislature could have intended either one of these and in the Court's opinion there is at least one other construction, if not more, that could have been intended by the legislature.

█ "While an act may not be so indefinite and uncertain as to be void if the Court can by diligent effort find a reasonable construction, it does not follow that this is true when there are many reasonable constructions, and particularly when, as in this act, penal provisions are contained.

█ "It is not within the province of the Courts to enact legislation, or to add words of limitation, qualification or explanation to a legislative act and thereby accomplish the same end. This is particularly true in statutes containing penal provisions where strict construction should be applied.

"Counsel for Defendants further argue that as the act contains the saving clause, and that if Section 6, being the Section that makes this act uncertain, should be held inoperative and void then the remainder of the act should be left in operation.

"The Supreme Court of New Mexico in the case of Safeway Stores v. Vigil, 40 N.M. 190 [57 P.2d 287], cited with approval Hill v. Wallace, 259 U.S. 44 [42 S.Ct. 453, 66 L.Ed. 822], which held that such a savings clause still left the matter a question of interpretation and of legislative intent. To allow the remainder of the act to stand after removal of Section 6 would be to create a situation which the legislature clearly did not intend, that is a price fixing board with unrestricted powers and authority.

"The Court concludes that this Statute is so indefinite, uncertain, and incapable of construction and interpretation as to render it inoperative and void, and that, therefore, the relief prayed for by plaintiffs should be granted."

█ The foregoing opinion is amplified by the Court's conclusions of law which are reflected in the judgment, and are as follows:

"1. That the entire act, with the exception of the minimum price provisions, is valid and enforceable, and that it was the intention of the legislature that if all of the minimum price provisions should be declared invalid, the remainder of the act should be enforced.

"2. That the minimum price provisions of this act, including those in Sections 4, 6 and 12, and any other place where such provisions may appear, are so indefinite, uncertain and incapable of construction as to be inoperative and void."

The Judgment should be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.