Argued January 15, reversed and remanded with
directions February 10, 1975

ROBINSON, *Petitioner, v.* BUILDERS BOARD
OF THE STATE OF OREGON ET AL, *Respondents.*

531 P2d 752

*Paul J. DeBast,* Beaverton, argued the cause for petitioner. With him on the brief were Thompson, Adams & Lund, Beaverton.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents Builders Board and Florence Doerfler. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance by respondents Aztec Builders, Inc., and American Fidelity Fire Insurance Company.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Petitioner Agnes P. Robinson appeals from a final order of the Builders Board on her claim against builder Aztec and its bond. ORS ch 701. The claim was in the amount of a judgment for $1,638.68; the Board validated only $570.55 of that total. The judgment of the Washington County Circuit Court was:

"1. Defendant's negligent and improper work constitutes a breach of the contract between plaintiff and defendant;

"2. Plaintiff is entitled to judgment against defendant.

"IT IS THEREFORE ORDERED AND DE-CREED that judgment be entered in favor of plaintiff and against Aztec Builders Incorporated, defendant, for the sum of $988.38, together with the further sum of $600 on account of plaintiff's attorney fees herein, and for plaintiff's costs and

disbursements incurred herein taxed at $50.30, and that execution issue therefor."

A builder is defined by the Act, and it includes Aztec. Builders are required by the Act to file a surety bond with the Board. ORS 701.085. Aztec had contracted to build a duplex for petitioner, and had breached the contract in several respects. Petitioner first tried to file a claim, for loss on account of the breach, with the Board which notified petitioner the claim must be reduced to judgment. Petitioner then proceeded with action in Washington County Circuit Court, obtained the judgment and filed it with the Board pursuant to ORS 701.145.

The order the Board made on the claim was pursuant to ORS 701.150:

"Claims shall be satisfied from the bond * * * in the following priority:

"* * * * *

"(b) Claims for breach of contract by the owner of the structure.

"* * * * *."

ORS 701.085 requires, as a condition of the bond which Aztec filed:

"* * * [T]hat the applicant will, with regard to work subject to this chapter, pay:

"* * * * *

"(3) All amounts that may be adjudged against the builder by reason of negligent or improper work or breach of contract in performing any work subject to this chapter."

Work of a builder subject to ORS ch 701 is "* * * work in connection with the construction, alteration, repair, improvement, moving or demolition of a structure." ORS 701.005(2). *The applicable obligation of*

*the surety bond is couched in the exact words of ORS 701.085(3), above.*

The Board decided that those parts of Aztec's contract with petitioner which provided for installation of appliances in the structure and landscaping around it are not included in the language quoted above from ORS 701.005(2) and hence are not assessable against the bond; and that the attorney fees and costs allowed in the judgment also are not assessable against the bond.

Petitioner contended that the language quoted above from ORS 701.085(3) includes all such items.

■ There is no question but that the contract for construction of the duplex was a contract to build a "structure" under the Act.

■ ORS ch 701 is a remedial statute, made for the protection of the building business and of people dealing with builders who might be irresponsible. Therefore, it should be read as a whole and liberally construed to accomplish its purpose.

■ The Board mistakenly proceeded to redetermine what had already been determined in a judgment by a court, that is, *"[a]ll amounts"* petitioner had lost *"* * * by reason of negligent * * * work or breach of contract in performing * * * work subject to [ORS ch 701]."* (Emphasis supplied.)

The Board in the context of ORS ch 701 makes orders under the Act; a court makes judgments. That this was realized by the Board is illustrated by the fact that the Board refused to entertain petitioner's claim until it had been reduced to a circuit court judgment.

There is no hint anywhere in the Act to indicate that the Board was free to substitute its idea of what is "construction" of or an "improvement" to a structure in place of "[a]ll amounts" that a person may be damaged and recover judgment against the builder for an account of the builder's defalcation in fulfilling a contract to build a structure covered by the Act.

Reversed and remanded with directions to validate petitioner's claim for the full amount of the judgment of the Washington County Circuit Court.