Submitted on record and briefs March 31,
affirmed April 14, 1975

THOREN, *Petitioner, v.* BUILDERS BOARD,
*Respondent.*
533 P2d 1388

Everett Thoren, Elgin, pro se, petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This appeal is from an order to pay a civil penalty of $500 for violation of ORS 701.055(1), a part of the Builders' Licensing Act.

The hearing officer entered findings, conclusions and a proposed order that the petitioner forfeit a civil penalty of $100. The Builders Board ordered a $500 penalty. Appeals are made to this court pursuant to provisions of the Administrative Procedures Act. ORS ch 183. Petitioner represented himself throughout the proceeding and a related action which he apparently brought in the Circuit Court for Union County. A certified copy of the complaint he filed there was the principal evidence against him in this administrative proceeding. In it petitioner alleged that Raymond and Virginia Fenn offered him, on November 7, 1972, $31,200 to complete a structure to

their satisfaction, tendering $800 partial payment. He alleged that he accepted the Fenns' offer and proceeded to work and that after he had "progressed construction to various degrees of completion * * *" the Fenns refused to allow him to proceed and he asked for a $30,400 judgment. Petitioner concedes that he is not a registered builder under ORS 701.055(1).

Petitioner's particular way of representing himself makes it difficult (as it was for the patient hearing officer) to follow exactly what his reasons are for claiming that his actions did not make him subject to ORS ch 701,[1] but he makes points that require consideration. We will detail them as well as we can in the following discussion.

██ Notice to the petitioner informed him that he was charged with, on or about November 7, 1972, contracting to build for the Fenns "a residential structure located at Route 2, in Union County * * *" and that he "did begin to build said structure." He contends that the word "structure" is too vague to inform him of a charge. ORS 701.005(2) defines a builder as a

---

[1] For instance, at one point he stated part of his grounds as:

"And the other ground will be a matter of record as to my intent and what I do to try to make a living. The other ground will be that the God Allmighty [sic] knows what a definition of a structure is, and that the state is infringing on the right and freedom of conscience to worship as set forth in the demurrer, and we will read the intrusion on the ecclesiastical as to what a structure and what a building is, and we will define it to show that it's not within the jurisdiction of any agency to define a structure, that that definition becomes a part of the conscience of man and is dictated to man by God Himself out of the Word of God."

At another point he said:

"The circumstances of this case indicates that I have to read into the record so the panel gets the full significance of where my orders come from, relative to the First Amendment of the Constitution, uh, relative to the freedom of speech, press and the right to worship in religion is also set forth in the Preamble of the United States Constitution, and the Oregon Constitution, and the whole . . ."

person who "undertakes or offers to undertake or submits a bid, to construct, alter, repair, improve * * * a structure." ORS 701.005(5) defines structure as "a residence, duplex or multiunit residential building * * *." The notice, by designating a "residential structure" at a particular place in Union County, described the charge without vagueness. Neither "structure" nor "residence" is a vague term. Recourse to a dictionary would suffice to inform a person wanting to know the meaning of the words.

■ The petitioner apparently feels that the Builders Board had no jurisdiction over him because he started the action above-mentioned in the Circuit Court for Union County, and it, being a "superior court," superseded to exclusive jurisdiction. There is nothing incompatible between the two proceedings. Each is directed toward a different end, the first to recover money on an alleged contract, the other to enforce a licensing law. Each may be availed of for its own function. *See Robinson v. Builders Board,* 20 Or App 340, 531 P2d 752 (1975).

■ The petitioner complains that he had no opportunity to cross-examine the real parties in interest, namely, the Fenns. The Fenns are not a proper party to the proceeding between the Builders Board and the petitioner in his capacity as one who offers or proceeds to build a structure. It is the Builders Board which is charged with enforcing ORS ch 701. If the Fenns could have given relevant evidence at the hearing, petitioner and the Board were entitled to call them as witnesses.

■ Petitioner says that the Board exercised judicial authority as plaintiff, judge and jury. These arguments were answered against petitioner's contentions in another administrative proceeding. *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 34-5, 514 P2d 888 (1973), Sup Ct *review denied* (1974).

■■ Petitioner contends that the provisions of ORS ch 701 abridge constitutional proscription against laws impairing obligations of contracts. The contract he allegedly entered into is dated November 7, 1972. ORS ch 701 was enacted by Oregon Laws 1971, ch 740. It became effective July 1, 1972. Therefore, regardless of the rule of law applicable, there is no evidence that a contract which had been entered into previous to the effective date of the Act was impaired. The petitioner also contends that ORS ch 701 is an ex post facto law or bill of attainder but the facts demonstrate this is not so.

■ Petitioner suggests that an unreasonable classification is made under ORS ch 701 because ORS 701.010(4) exempts builders whose work on structures is of value less than $500. It is not an arbitrary classification to exempt from licensing as builders those who do odd repair jobs and to require licensing of those who undertake to build more expensive, complete structures.

The petitioner says a "demurrer" he filed at the start of the hearing should have been sustained. It merely stated in several unclear ways the things we have discussed above.

■ Petitioner filed a motion to change venue to Union County from Marion County where the matter was being heard. The Administrative Procedures statutes do not provide for changes of venue in such proceedings. The petitioner did appear and actively engaged in the hearing. There may be situations where administrative hearings should be held at the places where the violations are alleged to have occurred but there is no demonstrated reason to believe the petitioner was prejudiced in the case at hand.

■ The hearing officer recommended a civil penalty of $100 against the petitioner and the Builders Board

imposed $500. It has authority to levy up to $1,000 civil penalty. ORS 701.992(1). The hearing officer's recommendation, in view of the extended inconvenience suffered by the petitioner and in view of his circumstances, would have adequately served the ends of justice and the purposes of the Act. However, ORS 183.480(7) provides that this court may "affirm, reverse or remand the order * * *." It was within the Board's authority and discretion and we have no authority to modify it. *Remodeling Consult. v. Builders Bd.*, 19 Or App 794, 528 P2d 1373 (1974), Sup Ct *review denied* (1975).

▮ Petitioner contends that the Builders Board has not made rules as required by ORS 183.330 et seq. If this be so, no cognizable claim is made that petitioner was prejudiced thereby. His obligations and the procedures are adequately covered in the applicable statutes.

Affirmed.