Submitted on record and briefs May 6, affirmed May 23, 1977

SEATON, *Petitioner,*
*v.*
BUILDERS BOARD, *Respondent.*
(CA 7341)
564 P2d 710

D. L. Seaton, Clatskanie, filed the brief pro se for petitioner.

[ 467 ]

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Glenda Green, Certified Law Student, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner's statement of the case is accurate and complete, and we adopt it. It reads in pertinent part:

"This is a petition for judicial review of a final order of the Builders Board assessing a $400 civil penalty against petitioner because petitioner submitted a bid to do the work of a builder as defined in ORS Chapter 701 [ORS 701.005(2)] without having a certificate of registration as required by ORS 701.055(1).

"There is no question of fact involved.

"Petitioner is a self-employed journeyman plumber, licensed under ORS 447.030 and has a journeyman's certificate of competency issued pursuant to ORS 693.060."

Petitioner makes three assignments of error, essentially that (1) ORS 701.145 is unconstitutional in that it deprives persons in the category of petitioner of the right to jury trial, (2) requiring petitioner to have a builder's license in addition to his plumber's license denies him rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I of the Constitution of the State of Oregon, and (3) ORS ch 701 is violative of Article IV, § 21, of the Oregon Constitution[1] in that it is not plainly worded.

Turning to his first assignment of error, suffice it to say that the constitutionality of ORS 701.145, which provides a procedure for recovery of damages for improper work or breach of contract by a builder, has no relevance in an appeal from the assessment of a civil penalty for violating ORS 701.055(1).

With regard to his second assignment of error, petitioner argues that he is unfairly and therefore unconstitutionally subjected to the requirement of having two licenses while some members of other occupations and trades are not so subjected. The state

---

[1] "Every act, and joint resolution shall be plainly worded, avoiding as far as practicable the use of technical terms." Or Const, Art IV, § 21.

is not required to treat all trades or professions equally and may require that some be licensed and others be exempt. *Garbade and Boynton v. City of Portland,* 188 Or 158, 214 P2d 1000 (1950), *overruled on other grounds Multnomah Co. v. Mittleman,* 275 Or 545, 552 P2d 242 (1976). Furthermore, the licensing requirements for plumbers and builders serve different purposes. The plumber's registration required under ORS 447.030 is intended to regulate competency of people practicing a trade which deals directly with public health and safety. ORS ch 701 is essentially a consumer Act designed to protect the public from financially irresponsible building contractors. *Robinson v. Builders Board,* 20 Or App 340, 531 P2d 752 (1975).

The remaining assignment of error does not warrant discussion. *See In re Idleman's Commitment,* 146 Or 13, 27 P2d 305 (1933).

Affirmed.