Submitted on record and briefs June 23, reversed
and remanded with instructions September 29, 1982

ROELLE et al,
*Respondents,*
*v.*
GRIFFIN et ux,
*Appellants.*

(A8007-03705, CA A21286)

651 P2d 147

Paul J. Boland, Portland, filed the brief for appellants.

Janet A. Metcalf, and English & Metcalf, Portland, filed the brief for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This case involves the builder's registration requirements in ORS chapter 701. Defendants appeal from a judgment awarding plaintiffs damages for work plaintiffs performed on defendants' property. Defendants contend that plaintiffs' claim is barred under ORS 701.065,[1] because plaintiffs were not registered as builders at the time they bid or entered into the contract for performance of work on defendants' home. We agree with defendants and reverse.

Plaintiffs are builders who contracted on January 23, 1980, to perform services and furnish materials for an improvement on defendants' home. They began work on the project on January 23, 1980, but suspended work on March 17, 1980, when a dispute arose between the parties. They left the project and performed no further services. They then brought this action for payment owed under the contract or, alternatively, for the reasonable value of the services and material rendered.

As an affirmative defense, defendants alleged that at the time the contract was entered into and the work performed plaintiffs were not registered contractors under ORS 701.065. Defendants moved to dismiss the complaint on the same grounds. Plaintiffs filed an amended complaint labeled a "suit in restitution," for the increased value of defendants' property resulting from the work performed. Defendants again asserted ORS 701.065 as an affirmative defense. Plaintiffs submitted a trial memorandum admitting that their builder's registration expired on December 11, 1979, and that they did not renew their registration until March 19, 1980.

■ At trial, defendants again moved to dismiss. The trial court denied the motion, stating that ORS 701.065 was

---

[1] ORS 701.065 provides:

"A builder may not file a lien or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract which is subject to this chapter, unless he was registered under this chapter at the time he bid or entered into the contract for performance of the work."

unconstitutional as "taking property without due process."[2] It ruled that ORS 701.065 prohibited recovery on a lien theory but that plaintiffs were entitled to recover under a "straight value of services rendered." At that time, plaintiffs stipulated that they were not registered at the time of the contract. After trial, judgment for $2,400 plus interest and costs was awarded to plaintiffs.

■ On appeal, defendants argue that ORS 701.065 applies to plaintiffs' claim and that it is not unconstitutional.[3] Plaintiffs contend that the denial of the claim would offend the due process of the Fourteenth Amendment of the United States Constitution and that it would deny them a remedy by due course of law, thus violating Article I, Section 10 of the Oregon Constitution.

The constitutionality of ORS 701.065 as applied to a builder's claim for services rendered has not previously been addressed in Oregon. Under chapter 701, builders such as plaintiffs are barred from undertaking or bidding on any work unless they have a current, valid certificate of registration. *See* ORS 701.055(1). A builder who submits a bid or engages in work without a valid registration is guilty of a misdemeanor, ORS 701.990, and is also subject to civil penalties. ORS 701.992. Chapter 701 is essentially a

---

[2] In denying the motion, the court ruled:

"THE COURT: I've had this up a half dozen times. It has been my ruling that the statute is unconstitutional as far as taking property without due process of law. Your Motion will be denied.

"They can't recover on a lien theory and they can't recover attorney fees, but they can recover on a straight value of services rendered."

From the above, it is not altogether clear whether the court held ORS 701.065 unconstitutional as applied to a claim in *quantum meruit* or held that a claim for *quantum meruit* is an exception to ORS 701.065 and does not require that the builder be registered. The parties argue as if the court held ORS 701.065 unconstitutional as applied. We treat the court's ruling as such for the purposes of this appeal. In any event, to hold that a claim in *quantum meruit* is an exception to ORS 701.065 would frustrate the legislative purpose of barring recovery by unregistered builders. Such builders cannot avoid the prohibition contained in ORS 701.065 by the labels or legal theories they employ.

[3] Defendants also contend that plaintiffs failed to plead and prove compliance with ORS 648.010 by failing to allege that they were registered under an assumed business name. Defendants argue that ORS 648.090 bars the claim. Plaintiffs argue that this defense was waived when defendants failed to raise the issue before trial. We reverse and remand the claim under ORS 701.065, so we need not consider defendants' contention concerning ORS 648.090.

consumer act designed to protect the public from irresponsible builders. *Hellbusch v. Rheinholdt,* 275 Or 307, 313, 550 P2d 1199 (1976); *Seaton v. Builders Board,* 29 Or App 467, 470, 564 P2d 710 (1977); *Robinson v. Builders Board,* 20 Or App 340, 343, 531 P2d 752 (1975). The legislative history of ORS 701.065 has been discussed elsewhere and need not be repeated here. *See Kolodejchuk v. Lucier,* 52 Or App 981, 630 P2d 889 (1981); *see also Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978).

Statutes in other jurisdictions that bar recovery of claims by unregistered builders have withstood constitutional attack. *See, e.g., Kaiser v. Thomson,* 55 N M 270, 232 P2d 142 (1951); *Suburban Fuel Co. v. Lamoreaux,* 4 Wash App 179, 480 P2d 216 (1971). In *Kaiser v. Thomson, supra,* the court stated:

> "Finally, it is contended that the statute is unconstitutional and violates Article 2, Sec. 18, of the New Mexico Constitution, and the 14th Amendment to the United States Constitution, as a denial of due process of law. We fail to appraise the statute in the light urged by appellant. That the legislature may enact laws in the exercise of its police powers is fully recognized, except that it may not be so unreasonably or arbitrarily exercised as to amount to confiscation of property or a denial of the right to engage in a particular trade, occupation or profession. State ex rel. New Mexico Dry Cleaning Board v. Cauthen, 48 N.M. 436, 152 P.2d 255." 55 N M at 274.

Article I, section 10 of the Oregon Constitution provides that "every man shall have remedy by due course of law for injury done him in his person, property or reputation." In *Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971), the plaintiffs argued that a statute of limitation barring their claim against the defendants, architects and engineers, for damages when their roof collapsed contravened Article I, Section 10. The court rejected the argument:

> "Assuming that the effect of ORS 12.115(1) is to abolish causes of action in tort where the damage does not result within ten years after the negligent acts or omissions complained of, we see nothing unconstitutional in so doing. In *Noonan v. City of Portland,* 161 Or 213, 249, 88 P2d 808 (1939) we stated that Article I, Section 10, did not inhibit

the legislature from altering common law rights against municipalities, and said:

> " "* * * In *Silver v. Silver,* 280 U.S. 117, * * *, the court said that it was unnecessary to "elaborate the rule that the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." We held to similar effect in sustaining the validity of a statute which was attacked under Art. I, § 10, Oregon Constitution: *Perozzi v. Ganiere,* 149 Or 330, 40 P.(2d) 1009. Article I, § 10, Oregon Constitution, was not intended to give anyone a vested right in the law either statutory or common; nor was it intended to render the law static * * *.'

> "It has always been considered a proper function of legislatures to limit the availability of causes of action by the use of statutes of limitation so long as it is done for the purpose of protecting a recognized public interest. It is in the interest of the public that there be a definite end to the possibility of future litigation resulting from past actions. It is a permissible constitutional legislative function to balance the possibility of outlawing legitimate claims against the public need that at some definite time there be an end to potential litigation." 260 Or at 503.

*See also Stone v. SAIF,* 57 Or App 808, 811, 646 P2d 668 (1982).

The barring of claims by unregistered builders likewise is in the interest of the public as a means to enforce the consumer safeguards ORS chapter 701 was designed to afford. A builder may choose, for whatever reason, to ignore the law and operate without registration. If he does so, however, he may not call upon the courts to help him collect his pay. In agreeing to undertake work on defendants' residence without a valid registration, plaintiffs entered into an illegal agreement. They were subject to criminal, as well as civil, penalties for their action. ORS 701.990.

We find that ORS 701.065 is a legitimate legislative act for the protection of the public and does not violate Article I, Section 10 or the Fourteenth Amendment.

Plaintiffs argue in the alternative that we should affirm the trial court because the issue was not properly

preserved at trial. Plaintiffs maintain that the record is unclear concerning whether they were or were not registered at the time they bid the project and performed services. Thus, plaintiffs claim, we need not reach the constitutional issue on appeal. We disagree.

Plaintiffs' characterization of the trial record in their brief on appeal wholly lacks substance. As stated earlier, plaintiffs admitted in their trial memorandum that their registration had expired before they entered into the bid and performed services for defendants. Defendants' position that plaintiffs were not registered at the time of bidding and the performance of work was asserted from the outset. Finally, contrary to plaintiffs' argument on appeal, the stipulation plaintiffs agreed to at trial referred to the time period in which plaintiffs bid and performed work on the project. The issue properly was raised by defendants, and the trial court erred in holding ORS 701.065 unconstitutional.

Reversed and remanded with instructions to allow defendants' motion to dismiss.