Argued and submitted March 31, affirmed May 17, 1995

## Michael F. BANNISTER,
*Appellant,*

*v.*

## LONGVIEW FIBRE COMPANY,
a foreign corporation,
*Respondent.*

(9308-05120; CA A84906)

894 P2d 1259

William P. Horton argued the cause and filed the briefs for appellant.

Charles J. Pruitt argued the cause for respondent. With him on the brief were George L. Kirklin and Lane Powell Spears Lubersky.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff brought this action for breach of contract and a tort that he describes as breach of fiduciary duty, arising out of defendant's alleged termination of the contract under which plaintiff performed road construction and maintenance work on defendant's property in Oregon and Washington. The trial court granted partial summary judgment for defendant on the tort claim. Subsequently, after a hearing at the beginning of trial, he court concluded that plaintiff's failure to register with the Construction Contractors Board (Board) barred his contract claim, and judgment was entered for defendant.[1] Plaintiff appeals, and we affirm.

ORS 701.065 provides, as relevant:

"[(1)] A contractor may not file a lien, file a claim with the board or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract for work which is subject to this chapter, unless the contractor was:

"(a) Registered under this chapter at the time the contractor bid or entered into the contract for performance of the work; and

"(b) Registered continuously while performing the work for which compensation is sought.

"(2) If the court determines that the contractor was not aware of the requirement that the contractor be registered, a court may choose not to apply subsection (1) of this section if the court finds that to do so would result in a substantial injustice to the unregistered contractor."

The above version of the statute was enacted by Oregon Laws 1989, chapter 928, section 6, along with other amendments to ORS chapter 701, and took effect on July 1, 1989. The parties first contracted in 1985 for a term ending on October 31, 1985. At annual intervals since that time, the parties entered into written amendments to their agreement that extended its term to October 31 of each succeeding year, until the parties' relationship ended in 1992. It is undisputed that (1) plaintiff is subject to the registration requirement of ORS chapter 701 under the current statute; (2) he was not

---

[1] We state additional facts in our discussion of the issues to which they are relevant.

among the types of contractors subject to the requirement under the version in effect in 1985; and (3) he has never registered in accordance with the statutory requirement. In holding that plaintiff's failure to register barred his contract claim, the trial court considered his testimony that he was unaware of the requirement, but concluded that plaintiff's noncompliance was the product of inexcusable neglect. Therefore, the savings provision in ORS 701.065(2) did not benefit plaintiff.

■    Plaintiff assigns error to the ruling that his contract claim is barred by ORS 701.065. He makes several arguments, some of which share the premise that, at the time he contracted with defendant in 1985, he was not required to register. He maintains that the 1989 amendment should not be applied to him retroactively. However, there is no question of retroactive application here. The contracts between the parties expired and extended agreements were formed at least twice between the effective date of the 1989 amendments to the statute and the time the parties' relationship ended. Plaintiff seeks no damages for any services that were performed under contracts that predated the effective date of the 1989 statute; indeed, he seeks no damages for any *past* services, because he has been paid for all services he provided, and the compensatory damages he seeks are wholly for lost future profits. Plaintiff has been subject to the registration requirement from the inception of each amended agreement consummated since July 1, 1989. Accordingly, we are not persuaded by plaintiff's retroactivity argument, nor by his other points that presuppose or depend on the notion that there is any issue in this appeal that involves any pre-1989 version of the statute or any pre-1989 contract.

■    Plaintiff argues next that, because he is seeking damages only for lost future profits and not for wages "for work performed," the statute is inapplicable. He explains:

"In substance, the statute states:

"[Plaintiff] may not bring or maintain a suit or action for the breach of any contract * * * unless [plaintiff] was registered continuously (1) *while performing the work* (2) *for which compensation is sought*." (Emphasis plaintiff's.)

However, that is not what the statute provides. The registration requirement attaches "at the time the contractor bid or

entered into the contract for performance of the work" *and* continues throughout the time of performance of the work for which compensation is sought. Plaintiff's summary omits the part of the statute that relates to his circumstances and bars his claim. More fundamentally, the statute prohibits the maintenance of an action by an unregistered contractor "for compensation for the performance of any work" of the kind to which ORS chapter 701 applies. Nothing in that language supports a distinction based on whether the work was performed in the past or is to be performed in the future.

Plaintiff also argues that the statute does not apply to him because there was evidence that he did not "qualify as an independent contractor, under ORS 670.600," which ORS 701.035 requires as a precondition to registration. Assuming without comment the correctness of the legal premise that underlies that contention, we reject it, because there was evidence to support the inference that plaintiff was an independent contractor at all material times, and the evidence that he asserts could support a contrary inference does not. The trial court correctly held that ORS 701.065 precludes plaintiff from pursuing his contract claim.

■ Plaintiff also assigns error to the summary judgment on the tort claim. Although the trial court's ruling was based on different grounds, we conclude that that claim, too, is barred by ORS 701.065. Aside from punitive damages,[2] the damages plaintiff seeks under the tort claim are identical to those sought through the contract claim. Moreover, the gravamen of both claims is defendant's alleged termination of the relationship. Plaintiff relies on *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 831 P2d 7 (1992), and similar cases, for the general proposition that a party may have claims in both contract and tort, where a factual predicate for both types of claims arises from a common transaction or events. However, the question here is not whether he *has* a stateable tort claim, but whether he may *bring or maintain an action* to recover on it. Like the contract claim, plaintiff's tort claim seeks "compensation for the performance of * * * work" that is subject to ORS chapter 701 by a contractor who has not complied with its registration requirements. As we said in

---

[2] If compensatory relief is not available, the claim for punitive damages, of course, adds nothing to the viability of the tort claim.

*Roelle v. Griffin*, 59 Or App 434, 437 n 2, 651 P2d 147 (1982), persons subject to the statute "cannot avoid the prohibition contained in ORS 701.065 by the labels or legal theories they employ." We conclude that there was no error.

Affirmed.