[No. 2666. April 10, 1922.]

## DE GRAFTENREID et al. v. STRONG, State Treasurer, et al.

### SYLLABUS BY THE COURT

(1) Chapter 77, Laws 1921, which establishes a state highway wholly within one county, violates Section 24, art. 4, Const., which prohibits the Legislature from passing local or special laws in laying out, opening, altering, or working roads or highways, except as to state roads extending into more than one country. P. 93

(2) Legislative intent is to be determined primarily by the language of the act in question. It is only in cases of ambiguity that resort may be had to construction. Courts cannot read into an act something that is not within the manifest intention of the Legislature as gathered from the statute itself. This would be judicial legislation. P. 93

Appeal from District Court, Santa Fé County; Ed Mechem, Judge.

Suit by Joseph De Graftenreid and others against Charles U. Strong, as Treasurer of the State of New Mexico, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

H. S. Bowman, Atty. Gen., and J. E. Pardue, C. F. Fishback, and T. M. Noble, all of Ft. Sumner, for appellants.

Geo. S. Downer, of Albuquerque, and H. R. Parsons and Keith Edwards, both of Ft. Sumner, for appellees.

### OPINION OF THE COURT

PARKER, J. The Legislature at its session of 1921 enacted chapter 77 of the laws of that session. Section 1 of the act provides:

"There is hereby created a state highway rrom the town of Fort Sumner in the county of De Baca to the town of Yeso in said county; the detailed location and alignment of said highway to be determined and designated by the State Highway Commission."

The act provides for a special levy of 2½ mills on the dollar upon all taxable property within the county for each of the years 1921 to 1924, inclusive, to raise

funds for the purpose of constructing, under the direction of the State Highway Commission, the said highway and a bridge across the Pecos river thereon.

Section 2 of the act authorized the State Highway Commission to anticipate the collection of said tax levies by the issuance and sale of debentures. Section 3 of the act directed the State Highway Commission to erect, construct, and improve said bridge and road, and for that purpose to enter into co-operative agreements with the federal authorities or others upon such basis as the State Highway Commission should deem proper.

In pursuance of the said act the board of county commissioners of De Baca county made a special levy of 2½ mills on the dollar upon the property in the county for each of the said years. Likewise the State Highway Commission, by and through the State Highway Engineer, arranged for the issuance of highway debentures or bonds against the said special tax so levied to the amount of $40,000, and, together with the state treasurer, advertised said debentures or bonds for sale on June 29, 1921. Thereupon, on June 21, 1921, the appellees, representng more than 60 per cent of all the property subject to taxation in said county, filed a bill of complaint against the appellants, seeking to restrain them from making sale of said debentures or bonds. An order to show cause was issued, and an answer was filed by the appellants, which admitted practically all the allegations of the bill, but denied that the said highway was entirely within the county of De Baca, and alleged the fact to be that, in so far as the act provided for the laying out, opening, altering, or working of the road or highway, it applied to a state road extending into more than one county in the state, to wit, State Highway No. 19, which extends from Texico on the eastern border of the state, through the counties of Curry, Roosevelt, De Baca, Guadalupe, Torrance, and Valencia, to the town of Belen in the latter county, which said highway had existed and had been

designated as such state highway, passing through said counties, for many years prior to the passage of the act in question. In support of these affirmative allegations appellants put on witnesses to show the existence of State Highway No. 19, and that the highway in question between Ft. Sumner and Yeso was a part of said State Highway No. 19. This testimony was objected to by the appellees. The court, after hearing the testimony and upon the pleadings, held that chapter 77, Laws 1921, is unconstitutional, in that it violates the provisions of section 24, art. 4, of the state Constitution, and awarded a permanent injunction against the issuance and sale of the debentures or bonds, from which judgment the cause is here upon appeal.

The provision of section 24, art. 4, of the state Constitution relevant to the inquiry is as follows:

"The Legislature shall not pass local or special laws * * * in * * * the following cases: * * * Laying out, opening, altering or working roads or highways, except as to state roads extending into more than one county."

[1] It is apparent that the act, in terms and upon its face, runs counter to the constitutional provision above quoted, and must be held to be void, unless some principle can be invoked to avoid this consequence.

Appellants attempt to uphold the act upon the authority of Borrowdale et al. v. Board of County Commissioners of Socorro County, 23, N. M. 1, 163 Pac. 721, L. R. A. 1917E, 456. An examination of that case, however, will disclose that it is wholly dissimilar to this one and has no application to the question here presented. In that case the Legislature had created a highway extending into two counties, thus avoiding the prohibition of the Constitution. We held necessarily that the act was not violate of section 24 of article 4 of the Constitution. Here the act creates a state highway wholly within one county, according to the express terms of the act.

[2] Counsel for appellants further seem to contend that, if the act contained further words to the effect

that the state highway created by the act was a part of
State Highway No. 19, extending from Texico to Belen,
the objection to the act would thus be obviated, and
that this was the legislative intent, and that the same
may be, and has been, established by the testimony in
the case.   The mere statement of such a proposition is
sufficient for its refutation.   To uphold such a prop-
osition would be to say that a court may take testi-
mony as to legislative intent in passing an act, and,
having ascertained such intent to its own satisfaction,
it may interpolate in the statute provisions which are
not contained therein, and which may be exactly con-
trary to what was the actual intent.   What the Legis-
lature intends is to be determined, primarily, by what
it says in the act.   It is only in cases of ambiguity that
resort may be had to construction.   Courts cannot read
into an act something that is not within the manifest
intention of the Legislature,   as   gathered from the
statute itself.   To do so would be to legislate, and not
to interpret.   There is no ambiguity in this statute, and
it neither requires nor admits of construction.   It is
a plain statement, in unequivocal terms, that a high-
way such as is prohibited by the Constitution has been
attempted to be created.   The act therefore must be
held to be void.

It follows from the foregoing that the judgment of
the district court was correct, and should be affirmed;
and it is so ordered.

RAYNOLDS, C. J., and HOLLOMAN, District Judge,
concur.