[No. 3224. Feb. 3, 1928. Rehearing Denied Dec. 17, 1928.]

STATE v. MANZANARES.

[272 Pac. 565.]

574

J. H. Crist, of Santa Fe, for appellant.

R. C. Dow, Atty. Gen., and F. H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

BICKLEY, J. Appellant was convicted of an assault with a deadly weapon.

He presented a motion for a new trial and arrest of judgment. As stated by appellant, the motions present three principal facts, as follows:

(1) That the verdict of the jury is against the evidence and the weight of the evidence, in that it shows that only one blow was struck with the deadly weapon, that the prosecuting witness testified that blow was struck by one of the two brothers of appellant, Enrique Manzanares or Malaquias Manzanares, while the wife of the prosecuting witness testified that appellant struck the blow.

(2) That three of the jurors that tried the case were second cousins of the prosecuting witness and that two of the other jurors were brothers-in-law of one of said related jurors.

(3) That said relationship was concealed by said jurors on their examination on the voir dire, and that neither appellant nor his attorneys knew of it until after the verdict was returned.

The first of these we may not consider, because the record does not contain a bill of exceptions, setting forth the evidence. Eaton v. First National Bank of Dalhart, Texas, 23 N. M. 687, 170 Pac. 45; Baca v. Catron, 24 N. M. 242, 173 Pac. 862.

The contention presented by the second and third grounds of the motions must be overruled on the authority of Territory v. Emilio, 14 N. M. 147, 89 Pac. 239 (followed in State v. Nance, 32 N. M. 158, 252 P. 1002), which laid down the rule that this court cannot review the action of the trial court in overruling a motion for new

trial, based upon the disqualification of a juror. Even if the rule were otherwise, we are not impressed with the claim of appellant that the trial court abused its discretion in ruling upon said motions. The parties agree that it is necessary to show that the defendant was prejudiced through the service on the jury of the jurors claimed to be incompetent. They also agree that two rules have been followed by the courts for the determination of this fact: (1) That the burden is on the defendant to show that he was injured; (2) that injury will be presumed from the fact of the incompetency. Appellant requests us to adopt the second rule. Section 2 of chapter 93, Laws of 1917, which prescribes the qualifications and regulates the drawing of jurors and the manner of impaneling and challenging such jurors in criminal and civil cases, provides:

"The service upon any jury or [by] any person disqualified, or exempt from service under the provisions of this act, or any act hereafter passed, shall of itself not vitiate any indictment found or any verdict rendered by such jury, unless actual injury to the person complaining of the same shall be shown."

Appellant contends that this statutory rule refers only to the disqualifications mentioned in the statute and not to disqualifications occurring through relationship which would warrant a party in challenging a juror on account of the likelihood or suspicion of bias or prejudice.

In section 116 of Thompson on Trials (2d Ed.), it is said:

"It has been repeatedly held that a cause of challenge not discovered until after verdict, whether the case be civil or criminal—as that some of the jurors were aliens; or *not* of the jury list as *selected* by the county authorities; or *non-residents,* or not citizens of the county or state; or not possessed of the statutory qualifications, as for instances less than *twenty-one* or more than *sixty,* years of age; or *related* to the opposite party within the disqualifying degrees; or *interested* in the event of the suit; or shown to have *expressed disqualifying opinions* as to the subject-matter of the trial; or otherwise subject to challenge—is not *per se,* a ground of new trial, though it may be such in the *discretion* of the court. In the exercise of such a discretion, an essential inquiry will be whether the objecting party exercised reasonable diligence in ascertaining the qualifications of the obnoxious juror. * * *

"In England, and in many American jurisdictions, a paramount inquiry upon such an objection is whether it has resulted in an *unjust verdict;* if not, the objecting party has sustained no injury, and a new trial will not be granted in order that public and private time may be consumed, and the dangers of other irregulari-

ties incurred, when the same result must, on a just view of the evidence, be reached. Unless there is plain evidence of injustice to the party complaining, the verdict should be allowed to stand."

From the foregoing quotation, it would appear that the rule as to the burden resting upon the party complaining, to show an "actual injury," is the same where the disqualifications are such as are mentioned in the statute, and others not mentioned, including that of relationship, relied upon by the appellant. We have no statute rendering jurors incompetent and subject to challenge on account of being related to either party to an action. What would be a proper standard for a trial court to apply, we do not undertake to say. In some cases, it has been said that the same degree of relationship as would disqualify a judge is a proper standard. Under our statute, a party may have a change of venue when the judge "is related to" either party. It has been held by uniform trend of decisions that the phrase "related to" includes only "relations by blood, and not connections by marriage, and that a judge who is connected by marriage with the prosecutor in a suit is not "related to" her, within the meaning of a statute making a judge related to the party incompetent to try the case. See cases cited in Words and Phrases.

In the case at bar, the affidavits state that three jurors were second cousins of the wife of the prosecuting witness. This and other essential inquiries mentioned by Thompson, supra, may affect the discretion of the trial court. This is not nearly as strong a case for appellant as was Territory v. Emilio, supra, where the juror complained of had expressed the opinion that the defendant should have been hanged before he was taken to jail. So, even looking at the question from the standpoint of a consideration as to whether the trial court abused its discretion, we would not be disposed to say that it had.

Finding no error in the record, the judgment of the court below is affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.