241 P.2d 844

**STATE v. MONTIEL.**

No. 5476.

Supreme Court of New Mexico.

March 22, 1952.

182

James A. Landon, Las Cruces, for appellant.

Joe L. Martinez, Atty. Gen., Hilario Rubio, Asst. Atty. Gen., for appellee.

LUJAN, Chief Justice.

Upon his trial under an information for indecent exposure and indecent handling of a female minor, Ascencion Montiel was convicted therefor and sentenced to the penitentiary, the reversal of which judgment he is asking upon two grounds: (1) That the court erred in denying his motion to vacate the verdict and sentence, and (2) That the court erred in refusing to grant him a new trial. The defendant seriously contends that he was unlawfully tried and sentenced because the court and jury were not sitting either in regular or special term as provided by law.

This case involves the validity of Chapter 177 of the Laws of 1951. By Chapter 37 of the Laws of 1949 the terms of the Dona Ana, Otero and Lincoln County District Courts which comprise the Third Judicial District were fixed as follows: Those of Dona Ana County commencing on the third Monday of May and the third Monday of November; those of Otero County commencing on the second Monday of January and on the second Monday of June; and those of Lincoln County commencing on the first Monday of March and on the first Monday of September. By Chapter 176 of the Laws of 1951 the Legislature undertook to make changes in the terms of these courts. This act as passed fixed the terms of the Dona Ana District Court commencing on the third Monday of February and on the third Monday of August; those of the Otero District Court commencing on the second Monday of January and on the second Monday of June; and those of the Lincoln District Court commencing on the first Monday of April and the first Monday of October. It will be observed that the later act provided that the terms of the Dona Ana District Court should commence on the third Monday of February and the third Monday of August, whereas under the 1949 act it began on the third Monday in May and the third Monday of November. Chapter 177, supra, which was passed on the same day as was Chapter 176, supra, insofar as here material, fixed the terms in Dona Ana County to commence on the third Monday of May and the third Monday of November.

This case comes within the familiar rule that where two inconsistent, irreconcilable or repugnant statutes, relating to the same subject-matter, are enacted by the

legislature at the same session and are approved the same day, that which is last in place or position, as determined by sequence, is presumed to be the last in time and prevails over that which is first in place and sequence. Turkenkoph v. Te Beest, 55 N.M. 279, 232 P.2d 684; Nye v. Board of Commissioners of Eddy County, 36 N.M. 169, 9 P.2d 1023; Board of Commissioners of Socorro County v. Leavitt, 4 N.M. (Gild) 37, 12 P. 759. Since Chapter 177, supra, by the test mentioned is later in point of time than Chapter 176, supra, by which it is claimed the terms of court for Dona Ana County were changed, under the rule it is to be taken as the latest expression of the will of the legislature, and given such force and effect as its language warrants. To the extent of all conflicts between the two acts here in question, we do not only think that the provisions of the later are controlling, but it is therein expressly so declared that "all acts or parts of acts in conflict herewith be and the same are hereby repealed."

In our opinion, therefore, Chapter 177, supra, being the latest expression of the legislative will, it must be held to be the law, and must control as to the terms of court in the Third Judicial District.

It appears from the record that the regular May term of the Dona Ana District Court was duly adjourned on August 18, 1951, and that the term at which the defendant was tried and convicted was organized and held at a time fixed by Chapter 176, supra, which had been repealed by Chapter 177, supra. A term must be held at the time fixed therefor and at no other time, unless it has been lawfully postponed, and a term held at any time other than that fixed therefor is illegal and the proceedings had thereat are void. 21 C.J.S., Courts, § 150(a). Of course, if a term has failed for any cause a special term may be called in accordance with Sections 16-306 and 16-307, 1941 Compilation. The trial and conviction of the defendant were had at a term not authorized by law; hence the proceedings were coram non judice and the judgment was therefore void. Staab v. Atlantic & Pacific Ry. Co., 3 N.M. (Gild) 606, 9 P. 381.

The judgment is reversed and the case remanded with instructions to the district court to set aside and vacate the sentence heretofore imposed on defendant and award him a new trial and for further proceedings not inconsistent with the views herein expressed, and

It is so ordered.

SADLER, McGHEE, COMPTON and COORS, JJ., concur.