279 P.2d 868

STATE of New Mexico, Plaintiff-Appellant.

v.

Joe P. VALDEZ, Defendant-Appellee.

No. 5860.

Supreme Court of New Mexico.

Feb. 7, 1955.

Richard H. Robinson, Atty. Gen., C. C. McCulloh, Fred M. Standley, Asst. Attys. Gen., Jose E. Armijo, Dist. Atty., Las Vegas, for appellant.

Noble, Spiess & Noble, Donald A. Martinez, Las Vegas, for appellee.

McGHEE, Justice.

The appellee was the defendant below, where in a criminal complaint consisting of

six counts he was charged with violating the provisions of § 6–404, 1941 Comp. (now § 6–5–4, 1953· Comp.) which was enacted as § 4, Ch. 233, Laws of 1939.

The defendant was the Finance Director of the New Mexico Insane Asylum and the complaint charged the violation occurred in the purchase of lumber for the asylum without obtaining written bids therefor.

The complaint came on for hearing before the district judge sitting as a committing magistrate, and the defendant thereupon made a motion to dismiss the complaint, for the reason, among others, that § 4, Ch. 233, of the Laws of 1939 was repealed by Ch. 124 of the Laws of 1943, insofar as the same applied to an employee or head of a state institution or state agency, except those specifically exempted therein. The motion was sustained and the following order, so far as material here, was entered:

"It Is Ordered by the Court That the said Motion be, and the same hereby is sustained, and that the Criminal Complaint herein be quashed, for the reason that Sec. 4 of Chap. 233 of the Laws of 1939, was repealed by Chap. 124 of .the Laws of 1943; and that Sec.· 4 of Chap. 233 of the Laws of 1939, insofar as the same applies to an employee or head of a department of a State Institution or State agency, other than the State Highway Depart-

ment, the Judicial Branch of the Government, counties, school districts and municipalities, has been repealed and is no longer in force, and insofar as the same applies also to the purchasing agent of a State institution other than those excepted by the statute by Chap. 124 of the Laws of 1943."

The state appealed and here relies upon a single point for reversal which reads:

"Section 4 of Chapter 233, Laws of 1939, Was Not Repealed by Chapter 124, Laws of 1943 insofar as the Same Applies to an Employee and Purchasing Agent of a State Institution, and Is Still in Effect."

The title of Ch. 233, Laws of 1939, reads:

"An Act Relating to Purchases and Contracts Made by the County, Municipal or Union High School Boards of Education, Boards of Education of Independent School Districts and Individual Members Thereof, County Commissioners, County ·Officials, All State Officials, Heads of State Departments, All Agents and Employees of State Departments, State Bureaus and State Boards and the Officers and Employees Thereof, and Any Other Person Acting as a Purchasing Agent for This State or Any Subdivision Thereof, Municipalities, Governing Boards of State Institutions and Their Respective Members, Employees and Agents; Provid-

ing for Obtaining Bids in Connection With Certain Purchases and Contracts; Providing That Goods Shall be Purchased Within the State of New Mexico Except in Certain Cases; Prohibiting Purchasers From Being Personally Interested in Purchases or Contracts; Prohibiting Sellers From Giving Discounts, Rebates or Rewards; Providing Penalties for Violations of This Act; Repealing All Acts and Parts of Acts in Conflict Herewith."

Section 1 of such act reads:

"The provisions of this act shall apply to and the word 'purchaser', as used herein, shall include the following:

"All County, Municipal or Union High School Boards of Education or school Boards and the individual members thereof; Boards of Education of independent school districts and individual members thereof; all Boards of County Commissioners and the individual members thereof; all County officials; all State officials, heads of State departments, all agents and employees of State departments, State bureaus and State boards and the officers and employees thereof, and any other person acting as a purchasing agent for this State or any subdivision thereof; all Municipalities and the officials thereof and members of their govern-ing bodies; all governing Boards of State Institutions and the members thereof and all agents and employees of the respective boards, officials and governing bodies referred to hereinabove; provided however, that the provisions of this act shall not apply to purchases made by the State Highway Department."

(This section appeared as § 6-401, 1941 Comp., and was amended by § 1, Ch. 98, Laws of 1943, now appearing as § 6-5-1, 1953 Comp., which is set out in full infra.)

The parts of § 4 of the 1939 act pertinent here read:

"Purchases, or contracts for materials or labor, or both materials and labor to be furnished or performed, made at any one time which involve the expenditure of more than $200 but less than $500 shall only be made or entered into after obtaining at least three bona fide written bids. * * *

"The bid of the lowest responsible bidder in either of the above cases shall be accepted, except where the specifications of the goods offered do not meet the specifications of the purchaser, the lowest bid which does meet such specifications shall be accepted, provided, however, a purchaser may reject all bids. Separate purchases of the same or similar goods from the

same or different dealers at the same time or about the same time, where each purchase does not involve the sum of $200 but the aggregate of such purchases exceeds the sum of $200 shall be considered as a single purchase involving more than $200." § 6–5–4, 1953 Comp.

In 1943 the Legislature enacted Ch. 124, commonly known as the State Purchasing Act, approved April 16, 1943, requiring that all purchases of supplies and materials by all state departments and institutions, except the State Highway Department, counties, municipalities and school boards, school districts, and the judicial department, be made by a State Purchasing Agent appointed by the Governor. We quote from the act:

"[Section 1.] The word 'department' as used in this act shall mean any State department, office, board, commission, bureau, state institution, or other state agency, excepting the judicial branch of government, and excepting counties, school districts and municipalities, now existing or which may hereafter be created by law, which expends any money derived in whole or in part from taxation or from grants or donations from the government of the United States.

"The word 'supplies' as used in this act shall mean supplies, material, machinery, equipment, furniture, printing, and all articles and things used by any department, in the exercise of any governmental activity or function." § 6–7–1, 1953 Comp.

"[Section 3.] The state purchasing agent, except as in this act provided, shall purchase for each department all supplies, including such supplies as are common needs of each department, and shall make and execute for the state and each department thereof, all contracts for buildings and the repair thereof, or for any improvement upon any property of the state or any department thereof, and every character of service, other than personal services, usually provided for by contract." § 6–7–3, 1953 Comp.

Section 4 of the 1943 act outlines the method to be followed by the State Purchasing Agent and says, among other things:

"No department shall make any purchase except through the purchasing agent as in this act provided, and such purchasing agent shall by rules and regulations prescribe the manner in which and the time when each department shall make payment for supplies furnished or for fulfilled obligations of contracts made by such purchasing agent on account of the business of such department." § 6–7–4, 1953 Comp. Section 10 reads:

"Whenever the head of any department shall purchase or contract for any supplies or make any construction contract contrary to the provisions of this act or the rules and regulations made hereunder, such purchase order or contract shall be void, and of no effect, and the person so purchasing or contracting shall be personally liable for the cost of such purchase or contract, and if already paid out of state funds, the amount thereof may be recovered by an action in the name of the state against the person so purchasing or contracting, and his official bond, if such official is under bond." § 6–7–10, 1953 Comp.

Section 11 makes certain exemptions not here material.

The 1943 Legislature also enacted Ch. 98, approved April 15, 1943, which reads in full:

"An Act Relating to Purchases and Contracts Made by Public Institutions, Boards, Officials, Agencies, Departments, Municipalities, Counties, Employees and Others Acting as Purchasing Agents; Providing for Exchange or 'Trade In' of Certain Used Property, and Amending Section 6–401 of New Mexico Statutes, 1941 Compilation; Amending Section 6–407 of New Mexico Statutes, 1941 Compilation, Providing Penalties for Violation of the Public Purchase Laws, as Herein Amended.

"Section 1. That Section 6–401 of New Mexico Statutes, 1941 Compilation, be, and the same hereby is, amended to read as follows:

"6–401. 'Purchaser' defined. As used in this act, the word 'purchaser' shall mean and include all county, municipal, union high school, independent school district boards of education, boards of county commissioners; all county and state officials; heads of departments of state and agents and employees thereof; and any and all persons acting as purchasing agents for the State of New Mexico, or any political or municipal subdivision thereof; the governing boards of all state institutions together with their agents and employees; and every person or body charged with the duty of expending or authorizing the expenditure of public moneys in this state.

"Section 2. In the purchase of motor vehicles, machinery, equipment or furniture, where it is desired to 'trade in' or 'exchange' used articles as part payment on the purchase price of new articles, the purchaser shall, in the advertisement and call for bids, describe such used property and therein advise and inform prospective sellers of such new articles, the location and place where such used property may be ex-

amined and inspected. In all such cases, the bidder shall state separately the sale price of the new article, and the sum to be allowed as credit thereon for the 'trade in' or 'exchange' article. The difference between such amounts shall be deemed the 'bid' of such seller, for the purposes of this act.

"Section 3. That Section 6–407 of New Mexico Statutes, 1941 Compilation, be, and the same is, amended to read as follows:

"6–407. Penalty for violation.—Any person who is a purchaser, as defined herein, violating any provision of this act shall be fined not less than $100 nor more than $1,000 or imprisoned not exceeding one (1) year in the penitentiary, or be fined and imprisoned as aforesaid in the discretion of the court, and any person or persons giving any discount, rebate or other reward, as seller or otherwise, designed for the personal benefit of any purchaser in connection with any transaction coming under the provisions of this act shall likewise be subject to the same penalties herein provided."

(These sections appear respectively as §§ 6–5–1, 6–5–8 and 6–5–7, 1953 Comp.)

The principal argument by the Attorney General, other than that repeals by implication are not favored, may be gathered from the following quotation from his brief:

"The Lower Court was correct in saying that there was no repeal of this section insofar as it applies to counties, school districts and municipalities since they are specifically excepted. However, effect should be given to Section 6–401 of the 1941 Compilation, as amended by the 1943 Session Laws, concerning persons included in the definition of the word 'purchaser' who are not included in Chapter 124, Laws of 1943 in the definition of the word 'department'. Consideration also should be given to the fact that the 1939 law as amended in 1943 provides a criminal penalty against persons violating the law, while Chapter 124, Laws of 1943 only provides a criminal penalty against the State Purchasing Agent and his employees prohibiting them from receiving any gifts, fee or rebate from a bidder. Thus it can be seen that there was a reason for leaving the 1939 law in force and that Chapter 124, Laws of 1943 does not cover the entire field covered by the 1939 law in such manner as to repeal by implication the 1939 law relative to agents and employees of governing boards of state institutions.

"It should be noted also that Section 6–407 of the 1941 Compilation, being Section 7, Chapter 233, Laws of 1939, originally only provided a penalty for violation of the provisions of Section

6–406 of the 1941 Compilation, prohibiting a purchaser from being interested in a purchase or contract.

"Chapter 98, Laws of 1943 not only amended Section 6–401 defining a purchaser, but also amended Section 6–407 of the 1941 Compilation to make it a penalty to violate *any provision* of the 1939 Public Purchases Act, as amended.

"Thus the 1943 Legislature corrected an omission by the 1939 Legislature to make provision for the adequate and complete enforcement of the 1939 Act."

The doctrine that repeals by implication are not favored is firmly imbedded in our law, but we are equally committed to the rule that where two statutes have the same object and relate to the same subject, if the later act is repugnant to the former, the former is repealed by implication to the extent of the repugnancy, even in the absence of the repealing clause in the later act. Our latest expression on the subject is found in State v. Montiel, 1952, 56 N.M. 181, 241 P.2d 844, 845, where we had two conflicting acts setting terms of court in the Third Judicial District which were enacted at the same session of the legislature and approved by the Governor on the same day. We there said:

"* * * where two inconsistent, irreconcilable or repugnant statutes, relating to the same subject-matter, are enacted by the legislature at the same session and are approved the same day, that which is last in place or position, as determined by sequence, is presumed to be the last in time and prevails over that which is first in place and sequence. * * *"

Here we have the additional factor that Ch. 124, supra, was approved one day later than Ch. 98, supra. See also, Meek v. Wheeler County, Tex.Civ.App.1939, 125 S.W.2d 331 and authorities therein cited; and Commonwealth v. Sanderson, 1938, 170 Va. 33, 195 S.E. 516.

In our opinion, the 1939 act, as amended by Ch. 98, supra, and Ch. 124, supra, are in direct conflict with each other on purchases to be made for a state institution, such as the insane asylum. In one act the purchases must be made, except in certain emergencies, by the State Purchasing Agent, while in the 1939 act they may be made by the heads of such institutions or employees. To hold otherwise would destroy the State Purchasing Act.

At the oral argument the district attorney urged we could hold Ch. 124 in force as to purchases made by the boards or heads of a state agency or institution, and the 1939 act, as amended, in force as to employees such as the defendant here. The argument was intriguing and we lent him a sympathetic ear, but we are unable to adopt such a conclusion. .

We agree with both parties the 1939 act, as amended, is still in force as to the agencies excepted in Ch. 124, Laws of 1943, but are of the opinion the ruling of the lower court was correct and it will be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.