445 P.2d 978

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Delbert Mac SAWYERS, Defendant-Appellant.**

**No. 119.**

Court of Appeals of New Mexico.

July 12, 1968.

Rehearing Denied Sept. 30, 1968.

Earl E. Hartley, Hartley, Olson & Baca, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

### OPINION

WOOD, Judge.

Defendant attacks the sentence imposed upon him for violating § 64–10–1, N.M.S.A. 1953, which reads:

> "Any person who fraudulently uses a false or fictitious name in any application for the registration of a vehicle or a certificate of title, or knowingly makes a false statement, or knowingly conceals a material fact, or otherwise commits a fraud in any such application shall upon conviction be punished by a fine of not more than $1,000 or by imprisonment for not more than one [1] year or both."

The sentence provides that defendant " * * * be confined in the Santa Fe County Jail at Santa Fe, New Mexico, for a period of not less than one (1) year and not more than one (1) year." In addition defendant was ordered to pay a fine of $1,000.00 on or before the termination date of the one year sentence.

Defendant contends: (1) Any sentence of imprisonment for violating § 64–10–1, supra, is void. (2) The sentence of not less than one year and not more than one year is void. (3) Sentence to confinement in the county jail for any period in excess of six months is void.

*Is any sentence of imprisonment for violating § 64–10–1, supra, void?*

Defendant claims the portion of § 64–10–1, supra, which provides for a sentence of imprisonment has been repealed by impli-cation and thus any sentence of imprisonment for violating this section is void.

Section 64–10–1, supra, was enacted by N.M.Laws 1953, ch. 138, § 94. Section 64–10–7, N.M.S.A.1953 is a part of the same act. N.M.Laws 1953, ch. 138, § 114. Section 64–10–7, supra, declared that it was a misdemeanor to violate any of the provisions of the act " * * * unless such violation is by this act *or other law of this state* declared to be a felony * * *." (our emphasis.)

At the time of enactment of § 64–10–1, supra, and § 64–10–7, supra, a felony was defined to include an offense which " * * * may be punishable by imprisonment in the penitentiary * * *." N.M. Laws 1853–1854, p. 82; Code 1915, § 1452, now repealed. The place of confinement for violation of § 64–10–1 is discussed subsequently in this opinion. At this point we assume that confinement could be in the penitentiary. Thus, at the time of enactment, by "other law of this state", violation of § 64–10–1, supra, was a felony. Compare State v. Klantchnek, 59 N.M. 284, 283 P.2d 619 (1955).

Section 64–10–7, supra, was amended by N.M.Laws 1961, ch. 185, § 1. See § 64–10–7, N.M.S.A.1953 (Supp.1967). As amended, § 64–10–7(A) provides:

> "It is a misdemeanor for any person to violate any provision of the Motor Vehicle Code unless the violation is declared a felony."

The amendment deleted the reference to "other law of this state;" as amended, violation of any provision of the Motor Vehicle Code is a misdemeanor " * * * unless the violation is declared a felony * * *." Violation of § 64–10–1, supra, is not declared to be a felony; violation of that section is now a misdemeanor.

Section 40A–1–6, N.M.S.A.1953 classifies a crime as a felony if " * * * imprisonment for a term of one [1] year or more is authorized * * *." Since § 64–10–1, supra, authorizes imprisonment for a term of one year, which defendant asserts is a felony classification, defendant contends

that the imprisonment provision was repealed by implication by the amendment to § 64–10–7, supra, which classifies a violation of § 64–10–1, supra, as a misdemeanor.

Defendant's contention overlooks a specific provision of § 64–10–7, supra, as amended. Paragraph B of that section states:

"Unless another penalty is specified in the Motor Vehicle Code, every person convicted of a misdemeanor for violation of any provision of the Motor Vehicle Code shall be punished by a fine of not more than one hundred dollars ($100) or by imprisonment for not . more than ninety [90] days, or both."

By this section, a person convicted of a misdemeanor for violation of the Motor Vehicle Code is to be punished by a fine of not more than $100, imprisonment for not more than 90 days or both, " * * * [u]nless another penalty is specified in the Motor Vehicle Code * * *." The amendment thus recognized that other penalties may be specified. Section 64–10–1, supra, specifies such a penalty. It authorizes imprisonment for not more than one year.

State v. Valdez, 59 N.M. 112, 279 P.2d 868 (1955) states the doctrine of repeal by implication as follows:

" * * * where two statutes have the same object and relate to the same subject, if the later act is repugnant to the former, the former is repealed by implication to the extent of the repugnancy, * * *."

See State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966) ; In re Sosa's Petition, 74 N. M. 182, 392 P.2d 14 (1964).

■ Although as amended, § 64–10–7, supra, classifies a violation of § 64–10–1, supra, as a misdemeanor, this classification is not repugnant to the imprisonment authorized by § 64–10–1. Section 64–10–7, as amended, recognizes that a penalty for a misdemeanor violation may be specified that differs from the general misdemeanor penalty. Rather than being repugnant, § 64–10–7, as amended, is reconcilable with § 64–10–1, supra. The. doctrine of. repeal by implication is not applicable.

*Is the sentence of not less than one year and not more than one year void?*

As previously stated, violation of § 64–10–1, supra, is now a misdemeanor. Section 40A–1–6, supra, provides that a crime is a misdemeanor if imprisonment is' authorized in excess of six months but less than öne year. Section 40A–29–4, · supra, authorizes a sentence for a misdemeanor " * * * for a definite term less than one (1) year * * *." Since both sections refer to a sentence of *less than* one year, and since defendant's sentence is for *not less than* one year, defendant contends that § 40A–1–6 and § 40A–29–4 made this portion of his sentence void.

■ There are two answers to this contention. First, § 40A–1–6, supra, and § 40A–29–4, supra, refer generally to the sentence for misdemeanors; § 64–10–1,' supra, the statute which defendant violated, provides a specific sentence for that misdemeanor. If the general statute, standing alone, would include the same matter as the special statute and thus conflict with the special statute, the special statute controls since it is considered an exception to the general statute. State v. Lujan, supra; Martinez v. Cox, 75 N.M. 417, 405 P.2d 659 (1965) ; see Lopez v. Barreras, 77 N. M. 52, 419 P.2d 251 (1966) ; Cromer v. J. W. Jones Construction Co., Inc., 79 N.M. 179, 441 P.2d 219, decided May 3, 1968.

■ Second, § 40A–1–6 and § 40A–29–4 are sections of our Criminal Code. See § 40A–1–1, N.M.S.A.1953. Section 64–10–1 is not a part of the Criminal Code. Section 40A–29–11, N.M.S.A.1953 provides in part:

"Whenever a defendant is convicted of a crime under * * * a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall have the power to pronounce sentence * * * in accordance with the provisions prescribed by such statute * * *."

Defendant's sentence was not void because of the provisions of § 40A–1–6 and § 40A–29–4, supra.

■ Defendant also contends that the "not less than one year" portion of his sentence is void because it is in excess of the court's sentencing authority. We agree. Section 64–10–1, supra, does not provide for a minimum sentence. Sentences which are unauthorized by law are void. Sneed v. Cox, 74 N.M. 659, 397 P. 2d 308 (1964).

The "not more than one year" portion of the sentence is authorized by § 64–10–1, supra. Sneed v. Cox, supra, states:

"The minimum, not being provided by law, was void, but being separable from the maximum which conformed to law, the maximum was legal * * *."

*Is the sentence to confinement in the county jail void?*

Although defendant's maximum sentence of "not more than one year" is legal, this sentence was to be served in the county jail. The question is whether the county jail is the proper place of confinement when such a sentence has been imposed.

The place of confinement for misdemeanors under the Criminal Code is the county jail. Section 40A–29–4, supra. This section is not applicable because defendant violated § 64–10–1, supra, which is not a Criminal Code misdemeanor.

Section 42–1–37, N.M.S.A.1953, provides in part:

" * * * all persons convicted of any crime, where the punishment is imprisonment for a term or time exceeding six (6) months, shall be imprisoned in the penitentiary, * * *."

With exceptions not applicable here, § 40A–29–13, N.M.S.A.1953 provides:

"Persons sentenced to imprisonment for a term of one [1] year or more shall be imprisoned in the state penitentiary * * *."

■ Since defendant has a valid maximum sentence of not more than one year, he may be confined, under that sentence, up to one full year. Thus, under either § 42–1–37 or § 40A–29–13 the proper place of his confinement is the state penitentiary. Accordingly, we do not consider the relationship of § 42–1–37 to § 40A–29–13.

Defendant's sentence is improper because of an unauthorized minimum sentence and because of a place of confinement contrary to law. However, his appeal does not attack his conviction based on his guilty plea. Accordingly, the cause is remanded with directions to the trial court to vacate the present sentence and impose a new sentence in conformity with the views set forth herein. Compare State v. Soliz, 79 N.M. 263, 442 P.2d 575, decided June 10, 1968; State v. Dalrymple, 77 N.M. 4, 419 P.2d 218 (1966); State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966); French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964).

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.