520 P.2d 554

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Anthony HERRERA, Defendant-Appellant.**

**No. 1242.**

Court of Appeals of New Mexico.
Jan. 23, 1974.
Certiorari Granted Feb. 15, 1974.

John C. Maine, Jr., Martin, Maine & Hilton, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was sentenced for a term of not less than ten nor more than fifty years for unlawful distribution of heroin pursuant to § 54–11–20(B), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, 1973 Supp.). Defendant appeals. We remand.

Section 54–11–20(B) reads as follows:

B. Except as authorized by the Controlled Substances Act, it is unlawful for any person to intentionally traffic. Any person who violates this subsection is, for the first offense, guilty of a second degree felony and, for the second and subsequent offenses, guilty of a first degree felony.

The Controlled Substances Act does not contain a penalty provision for second degree or first degree felonies.

The Controlled Substances Act enacted in 1972 is not a part of the Criminal Code enacted in 1963. See, State v. Sawyers, 79 N.M. 557, 445 P.2d 978 (Ct.App.1968).

Section 40A–29–11, N.M.S.A.1953 (2d Repl.Vol. 6) of the Criminal Code reads as follows:

*Sentencing authority for crimes not contained in Criminal Code.*—A. Whenever a defendant is convicted of a crime under the Constitution, or a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall have the power to pronounce sentence and imposition of fine in accordance with the provisions prescribed by such statute or constitutional provision for the particular crime of which such person was convicted.

B. A crime declared to be a felony by the state Constitution *or a statute not contained in the Criminal Code, without specification of the sentence or fine to be imposed on conviction, shall constitute a fourth degree felony as prescribed under this code for the purpose of the sentence and shall be so sentenced.*

C. Any other crime for which the sentence to be imposed upon conviction is not specified shall constitute, for the purpose of sentence, a petty misdemeanor. [Emphasis added].

This section is clear and unambiguous. There is no room for construction. It must be given effect. State v. Ortiz, 78 N.M. 507, 433 P.2d 92 (Ct.App. 1967). Defendant must be sentenced for a fourth degree felony pursuant to § 40A–29–3(D), N.M.S.A.1953 (2d Repl.Vol. 6) of the Criminal Code. It reads as follows:

D. Where the defendant has been convicted of a crime constituting a fourth degree felony, the judge shall sentence such person to be imprisoned in the penitentiary for the term of not less than one [1] year nor more than five [5] years, or to the payment of a fine of not more than five thousand dollars ($5,000), or to both such imprisonment and fine in the discretion of the judge.

The remaining issue is this: Should we disregard § 40A–29–11, supra, which is "Sentencing authority for crimes not contained in Criminal Code", and read into the Controlled Substances Act, the penalty provided for a second degree felony in the Criminal Code, being § 40A–29–3(B), supra? The answer is "No".

This court cannot usurp the power of the legislature and prescribe penalties in a special criminal statute. The fixing of penalties is exclusively a legislative function. State v. Turnbow, 81 N.M. 254, 466 P.2d 100 (1970); McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683 (1963). This

court must presume that the legislature, in enacting the 1972 Controlled Substances Act knew about the existence of § 40A–29–11, supra, of the Criminal Code. State v. Trujillo, 85 N.M. 208, 510 P.2d 1079· (Ct.App.1973).

The only way this court could read the penalty provisions of the Criminal Code into the Controlled Substances Act would be to add words onto § 54–11–20(B) to the effect that where the defendant has been convicted of a first or second degree felony, the judge shall sentence such person as provided in § 40A–29–3(A) and (B), supra. This we cannot do. De Graftenreid v. Strong, 28 N.M. 91, 206 P. 694 (1922); State v. Alexander, 46 N.M. 156, 123 P.2d 724 (1942). "We may not properly supply legislative omissions, no more so than the legislature can with propriety assume the performance of judicial functions." Apodaca v. Viramontes, 53 N.M. 514, 524, 212 P.2d 425, 431 (1949). If a change is needed in a statute, the legislature and not the courts is the place to go. Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464 (1950).

There is no merit to defendant's remaining point.

The sentence is reversed. The trial court is directed to resentence defendant in accordance with § 40A–29–3(D), supra.

It is so ordered.

HENDLEY, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

The decision of the majority today makes the penalties for repeated trafficking in heroin and possession of eight ounces of marijuana the same. This result is clearly not what the legislature intended. Indeed, the whole legislative scheme of varied penalties depending upon the seriousness of the offense and the dangerousness of the drug has been abrogated. The reason is apparently because the term "second degree felony" is not defined in the correct volume of our code. It is this type of "judicial legislation" by technicality which is to be avoided.

The major issue involved in this appeal is not whether we should disregard § 40A–29–11, N.M.S.A.1953 (2d Repl.Vol. 6), but rather what effect should be given to its terms. The statute states:

"A. Whenever a defendant is convicted of a crime under . . . a statute not contained in the Criminal Code, *which specifies the penalty to be imposed on conviction,* the court shall have the power to pronounce sentence . . . in accordance with the provisions prescribed . . ." [Emphasis added]

The majority have concluded that the statute is clear and unambiguous. With this conclusion I disagree.

The statute does not indicate the extent of specificity required before a court can sentence under Subsection A. The word "specify" is subject to more than one possible meaning. It could mean that the fine and sentence must be explicitly set out. It could require only that the language be so specific that men of ordinary intelligence need not guess at its meaning or differ as to its application. See State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969). In this sense the statute is ambiguous and judicial construction can be employed to clarify it. See State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969).

Several rules of statutory construction are useful in determining which of the two possible meanings applies. The first is that a statute is to be construed to effectuate the legislative intent. State ex rel. Sanchez v. Reese, 79 N.M. 624, 447 P.2d 504 (1968); State· v. Ortega, 77 N.M. 312, 422 P.2d 353 (1966). As pointed out, the legislature intended a scheme of graduated penalties. The majority adopt the construction which, in most instances, provides a sentence of from one to five years imprisonment no matter how serious the offense. It is absurd to think that the legislature intended to equate serious offenses like the repeated sale of heroin with others

denominated fourth degree felonies. Yet, the majority, in apparently requiring that the sentence and fine be explicitly set out, reach that result.

Courts are to construe a statute so that no part is rendered surplusage or superfluous. Stang v. Hertz Corp., 81 N.M. 69, 463 P.2d 45 (Ct.App.1969). Yet, what meaning do the words "second degree" in § 54–11–20(B), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973), have after the majority's decision? We should construe statutes to save them, not to void their provisions.

The majority's decision creates a conflict between the words "fourth degree felony" in § 40A–29–11(B), supra, and "second degree felony" in § 54–11–20(B), supra. Courts should construe statutes together when possible. State v. New Mexico State Authority, 76 N.M. 1, 411 P.2d 984 (1966).

If the construction urged here is accepted, does § 54–11–20(B), supra, ". . . specif[y] the penalty to be imposed upon conviction?" The majority conclude that to " . . . read into the Controlled Substances Act the penalty provided for a second degree felony . . .," would amount to a usurpation of the power of the legislature. My understanding is that our function is precisely to define and clarify the words of legislative enactments. Apparently that was also the view of this Court in State v. Sawyers, 79 N.M. 557, 445 P.2d 978 (Ct.App.1968), where the Criminal Code definition of "felony" was used to interpret language in another criminal statute not found in the Criminal Code.

Since a reasonable man need not guess at what is meant by a "second degree felony" but merely turn to § 40A–29–3(B), N.M.S.A.1953 (2d Repl.Vol. 6), the section of the Controlled Substances Act involved here, § 54–11–20(B), supra, specifies its own penalty. This being the case, the proper sentencing authority is found in § 40A–29–11(A), supra.

For the foregoing reasons, I respectfully dissent. I would affirm.