Wayne A. Jordon, Shipley, Durrett, Conway & Sandenaw, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

526 P.2d 219

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe J. CHAVEZ, Defendant-Appellant.**

**No. 1479.**

Court of Appeals of New Mexico.

Aug. 21, 1974.

## OPINION

LOPEZ, Judge.

The defendant was convicted and sentenced for burglary pursuant to § 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). Defendant appeals, claiming the trial court erred in denying defendant's challenge to the jury panel which contained persons under the age of 21 years. We affirm.

The question is whether the defendant had a fair and impartial trial by the petit jury. In order for the defendant to have merit in his motion to quash the jury array, he must do two things: (1) prove there were members on the petit jury who were under the age of 21, and

(2) show that he was prejudiced. State v. Ortega, 77 N.M. 312, 422 P.2d 353 (1966).

The defendant does not claim that he was denied a fair and impartial trial by the jury. The three jurors whom the defendant claims were under the age of 21 did not serve on the petit jury by which he was convicted. The members of the petit jury were selected and qualified according to statute. Section 19-1-1, N.M.S.A.1953 (Repl.Vol. 4) and § 3-1-4, N.M.S.A.1953 (Repl.Vol. 1). Defendant does not claim that he suffered any damage at the hands of the trial jury. State v. Gonzales, 82 N. M. 388, 482 P.2d 252 (Ct.App.1971), declares:

". . . Since defendant does not claim that the members of the trial jury were unfair or partial, . . . defendant has neither been deprived of due process nor of equal protection of the law."

■ We do not decide whether the trial court may have erred in including 19 year olds in the jury panel array. Since defendant does not show that he was in any way prejudiced, we must conclude that he has been afforded a fair and impartial trial.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and SUTIN, JJ., concur.