641 P.2d 1068
**STATE of New Mexico, Petitioner,**

v.

**Chester Louis SANCHEZ, Respondent.**

**No. 14015.**

Supreme Court of New Mexico.

March 4, 1982.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for petitioner.

Michael Dickman, Appellate Defender, Santa Fe, for respondent.

OPINION

EASLEY, Chief Justice.

In January of 1979, Sanchez committed the crime of trafficking in heroin. At the

sentencing hearing after Sanchez' conviction the trial court found that this was his second conviction for trafficking in heroin. However, the court refused to sentence Sanchez to life imprisonment as called for in Section 54–11–20(B)(2), N.M.S.A.1953 (Repl.Vol.Supp.1975), on the basis that the statute imposed cruel and unusual punishment and was thus unconstitutional. The court imposed a sentence of ten to fifty years as was provided for a first offense.

The State appealed to the Court of Appeals, which reversed the decision of the trial court. We affirm, but for somewhat different reasons than those advanced by the Court of Appeals.

We inquire whether a life sentence is mandatory for a second conviction of trafficking in heroin.

At the sentencing hearing the trial judge made it plain that he thought the statutes made a life sentence mandatory in this case. He commented that Sanchez' latest conviction was based on evidence that the quantity of heroin was very small and was only one-tenth of one-percent in purity. He announced that he would not order a life sentence under such circumstances, and that he was declaring the law unconstitutional because it constituted cruel and unusual punishment. He invited the State to have this Court decree any differently.

The State appealed the decision to the Court of Appeals. That Court wisely held that the statute is constitutionally sound, and also held that a life sentence need not be imposed under the statutes involved because the court has the authority to suspend or defer the sentence.

■ We ignore some interesting history involving changes in this law, before and after this crime, as related to appellate decisions, and first take a hard look at the statutes to determine what they say and if the language is plain and unambiguous. We are bound to enforce the laws as they read, if the meaning is clear. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977); *State v. Weddle*, 77 N.M. 420, 423 P.2d 611 (1967).

■ The Controlled Substances Act, since amended, as it applies here to trafficking in heroin, provides that any person is "for the second and subsequent offenses, guilty of a *felony* and shall be punished by a *fine* of not more than fifteen thousand dollars ($15,000) *or by imprisonment for life*, or both." § 54–11–20(B)(2) (emphasis added). Note that the crime is not designated as a first, second, third or fourth degree felony; it is called only "a felony". Further, the punishment may be *either* a fine *or* a life sentence. The plain sense of these words is that the Legislature did not establish this crime as a first-degree felony and did not make a life sentence mandatory, since the judge has the option of assessing a fine only.

The State relies on Section 30–1–7, N.M.S.A.1978, in claiming that the crime is a first-degree felony and that a life sentence is called for. This portion of the Criminal Code establishes the degrees of various felonies, and reads in part:

A *felony* is a capital, *first*, second, third or fourth *degree felony when it is so designated* under the Criminal Code. (Emphasis added.)

The State argues that since the penalty prescribed for second offense trafficking is identical to the penalty for a first-degree felony, as set out in Section 40A–29–3, N.M.S.A.1953 (2d Repl. Vol. 6, 1972), now repealed, it follows that second offense trafficking must be a first-degree felony, although not specifically so "designated." We find this argument unpersuasive. There is no necessity to classify this crime by degree of offense nor to resort to Section 40A–29–3, the sentencing authority for first-degree crimes. The penalty provisions for this offense are included in Section 54–11–20B(2) which defines the crime.

Section 40A–29–11(A), N.M.S.A.1953 (2d Repl. Vol. 6, 1972), states that on conviction for a crime created by a statute "not contained in the Criminal Code, which specifies the penalty," the Court shall have the "power to pronounce sentence and imposition of fine" provided in such statute.

The plain language of these statutes does not create an ambiguity. Trafficking in heroin was not designated by the Legislature as a first-degree felony. Therefore, the statutes defining and affecting the sentences for first-degree felonies are not applicable to this crime. The trafficking statute contains its own penalty provisions which the trial court has authority to impose. Sanchez may be sentenced to life imprisonment or fined $15,000 or both.

We are fully aware that this is not the result that the Legislature probably had in mind when passing these laws. However, we are bound by the words used.

Although the issue was not raised by the parties at trial, the Court of Appeals held that the judge had the authority to suspend or defer this sentence, and for that reason the life sentence was not mandatory. Although we do not apply the same reasoning, we agree that, since defendant was not convicted of a capital crime or first degree felony, the trial court has the authority to defer or suspend the sentence under Section 31–20–3, N.M.S.A.1978 (Repl.Pamp.1981).

Fortunately, the defect in the statutes of failing to specifically denote this crime by degree, which was obviously caused by the decision in *State v. Herrera*, 86 N.M. 134, 520 P.2d 554 (Ct.App.), *reversed*, 86 N.M. 224, 522 P.2d 76 (1974), has been cured by Section 30–31–20B, N.M.S.A.1978 (Repl. Pamp.1980).

This cause is remanded to the trial court for sentencing of Sanchez consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, FEDERICI and RIORDAN, JJ., concur.